## DYER v. HEYDENFELDT.

### No. 7847; November 29, 1884.

#### 4 Pac. 1187.

Streets—Order for Grading—Notice of Intention—Petition.—
The statute of 1872 authorized the board of supervisors of the city
and county of San Francisco, on recommendation of the street super-
intendent, to give notice of their intention to order that Broadway,
from the west line of Buchanan to the west line of Webster street, be
graded, when two blocks on each side of said portion of Broadway
had been graded, without any petition for such order.

Streets—Grading—Recommendation of Street Superintendent.—
Where the matter was not at issue, and neither party introduced any
evidence thereon, it was erroneous for the court to find that such
street work was ordered without the recommendation of the superin-
tendent of streets.

Streets.—A Dismissal, in a Street Assessment Suit, as to de-
fendants not having any interest in the land assessed, is not error
prejudicial to other defendants.

APPEAL from the Superior Court of the City and County
of San Francisco.

J. M. Wood for appellant; Bishop & Fifield for respondent.

By the COURT.—The court found that before the board
of supervisors gave notice of their intention to order that
Broadway, from the west line of Buchanan street to the west
line of Webster street, be graded, "two blocks upon each
side of the above-mentioned portion of said Broadway street"
had been graded. That being so, the board of supervisors
were authorized, upon the recommendation of the superin-
tendent of streets, etc., to give notice of their intention to
order said grading without any petition therefor: Stats. 1872,

c. 562, sec. 4, p. 806. But the court also found that the work was not ordered upon the recommendation of said superintendent. This finding is attacked on the ground that there is no evidence to support it. It was unnecessary for the plaintiff to allege what proceedings had been had prior to the issuance of the assessment, diagram, and certificate (Id., sec. 13) ; and the defendant did not allege in his answer that the work was not ordered on the recommendation of said superintendent. In the absence of any such averment in the answer, the fact was not in issue. Neither party introduced any evidence which tended to prove or disprove that the superintendent had recommended that the work should be ordered. On this ground we think the motion for a new trial ought to have been granted.

It does not appear that any objection was made to the dismissal of the action as to all the defendants except the respondent. In Clark v. Porter, 53 Cal. 409, there was an objection to the dismissal of the action as to any of the defendants. It is found that none of the defendants as to whom the action was dismissed had any interest in the land assessed. That being so, the dismissal could not prejudice those as to whom the action was not dismissed. Judgment and order reversed.